**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KEVIN ARMANDO SAUMETH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2662-D** |
| | ) | |
| **FRED FIGUEROA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Kevin Armando Saumeth, a citizen of Venezuela proceeding *pro se*,[1] filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 1).[2] United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 4). The matter is at issue. As fully set forth below, the undersigned recommends that the Petition be **GRANTED in part** because Petitioner's detention without a bond hearing violates the Immigration and Nationality Act ("INA"). The Court should order an

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

## I. Factual Background

The relevant facts in this matter are:

- Petitioner is a citizen of Venezuela who presented himself at the Paso Del Norte Port of Entry in El Paso, Texas, on February 2, 2024, through a scheduled CBP One appointment. (Doc. 8, at Ex. 1, at 2).

- That day, the Department of Homeland Security ("DHS") served Petitioner with a Notice to Appear designating him as an 'arriving alien' and charging him as inadmissible as a non-immigrant not in possession of a valid visa or entry document. (*Id.* at Ex. 2, at 1, 4). DHS paroled Petitioner into the United States for two years under humanitarian parole. (*Id.* at Ex. 3, at 1).

- Petitioner's parole expired on February 2, 2026. (*Id.*) On August 14, 2026, ICE arrested Petitioner pursuant to a Warrant for Arrest of Alien and issued a Notice of Custody Determination detaining him. (Doc. 8, at Ex. 4, at 1; *id.* at Ex. 5, at 1).

- Petitioner alleges that he has not received an individualized determination of whether his detention is necessary, (Doc. 1, at 7), and Respondents contend that he is subject to mandatory detention, (Doc. 8, at 8-12). Nothing in the record indicates that Petitioner has received a bond hearing.

- Petitioner's removal proceedings remain pending before the immigration court.[3] (Doc. 8, at Ex. 6, at 1). Thus, Petitioner is not subject to a final order of removal.

- Petitioner is detained at Diamondback Correctional Facility in Watonga, Oklahoma. (Doc. 1, at 2); ICE Online Detainee Locator System, https://locator.ice.gov/odls/#/search (last accessed Nov. 3, 2026).

---

[3] *See* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last accessed Nov. 3, 2026).

## II. Petitioner's Claims and Respondents' Responses

Petitioner makes the following claims in support of the Petition:

1. His continued detention is unlawful while his asylum application and immigration proceedings remain pending because he is not a danger to the community or a flight risk. (Doc. 1, at 7).

2. His continued detention without an individualized determination violates due process. (*Id.*)

3. His continued detention impairs his ability to prepare and present his asylum case. (*Id.*)

As relief, Petitioner requests immediate release from custody. (*Id.* at 8).[4]

Respondents argue that Petitioner, as an arriving alien whose parole has expired, is subject to mandatory detention under 8 U.S.C. § 1225(b)(1).[5] (Doc. 8, at 5-10). They acknowledge that the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), forecloses detention under § 1225(b)(2)(A), but argue that the decision does not affect detention under § 1225(b)(1). (*Id.* at 8 n.4). Respondents further argue that Petitioner has received all the process he is due, and that Ground Three fails to state a claim. (*Id.* at 10-13).

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

---

[4] Petitioner also asks that he not be transferred to another detention facility while this action is pending, (Doc. 1, at 8), but the relief recommended is limited to what is described below.

[5] Respondents at times state that Petitioner is detained under "8 U.S.C. § 1226(b)(1)," (Doc. 8, at 2-3), but their argument rests on § 1225(b)(1), (*id.* at 4-10).

2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

**IV. Under *Santillan Quiroz v. Mullin*, Petitioner Is Entitled To a Bond Hearing.**

On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz*, holding "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to [8 U.S.C.] § 1226(a) (and thus eligible for bond), not [8 U.S.C.] § 1225(b)(2)(A)." 180 F.4th at 1237. This statutory interpretation is binding on this Court, and Respondents concede that it forecloses detention under § 1225(b)(2)(A). (Doc. 8, at 8 n.4).

Respondents instead argue that because Petitioner was paroled at a port of entry, he remains an arriving alien, and when his parole expired, he returned to mandatory detention under § 1225(b)(1). (*Id.* at 5-10) (citing 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 1.2). But Judges in this District have repeatedly rejected this theory. *See Navas Miranda v. Bradford*, No. CIV-26-1254-J, 2026 WL 3093491, at *1 (W.D. Okla. Oct. 16, 2026) (rejecting the argument that the petitioner returned to the status of an arriving alien subject to mandatory detention when his parole expired and collecting cases); *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *2 (W.D. Okla. June 29, 2026) ("[T]he Court concludes that Petitioner's termination of humanitarian parole did not automatically return him to mandatory detention under § 1225(b)(1)."); *Kumar v. Johnson*, No. CIV-26-352-J, 2026 WL 937560 (W.D. Okla. Apr. 7, 2026) (holding that the expiration of parole does not, by itself, revert the petitioner's status to that of an arriving alien); *Aitiev v. Gantt*, No.

CIV-26-997-R, 2026 WL 2125893, at *2 (W.D. Okla. July 23, 2026) (finding that a non-citizen detained after revocation of § 1182(d)(5) humanitarian parole is held under § 1226(a), not § 1225(b)(1)); *Ochilov v. Grant*, No. CIV-26-526-R, 2026 WL 1896139, at *2 (W.D. Okla. July 1, 2026) (same); *Drozdov v. Lyons*, No. CIV-26-365-SLP, 2026 WL 1470929, at *2 (W.D. Okla. May 26, 2026) (same). *But see Kvaratskhelia v. Blanche*, No. CIV-26-1673-JD, Doc. 13, at 17-18 (W.D. Okla. Sept. 29, 2026) (concluding that the petitioner's humanitarian parole "could be quickly revoked in summary fashion once its humanitarian purpose had been served" and that due process did "not require a separate finding of danger or flight risk before DHS may return him to the detention attendant to an arriving alien"). The undersigned agrees with the majority approach.[6]

Petitioner was paroled into the interior of the United States, where he lived for more than two years before ICE arrested him there, months after his parole expired, and while his removal proceedings remained pending. (Doc. 8, at Ex. 1, at 2; *id.* at Exs. 3-5). Petitioner was not seeking admission at the border when he was detained. Under *Santillan Quiroz* and the weight of authority in this District, his detention is governed by § 1226(a). *See Navas Miranda*, 2026 WL 3093491, at *2.

Because Petitioner is subject to § 1226(a) and has not received a bond hearing, Petitioner has shown that he is in custody in violation of the laws of the United States, and

---

[6] Indeed, in *Navas Miranda*, Judge Jones expressly acknowledged *Kvaratskhelia* as reaching "a contrary conclusion," but "respectfully decline[d] to adopt that approach," holding that until the Tenth Circuit or Supreme Court holds otherwise, "the matter is well settled in this Court." 2026 WL 3093491, at *1 & n.2.

he is entitled to habeas relief. 28 U.S.C. § 2241(c)(3). While Petitioner seeks immediate release, a bond hearing is the appropriate remedy. *Santillan Quiroz*, 180 F.4th at 1251 n.13.

Because the undersigned recommends granting habeas relief on the basis of violation of the INA, it is unnecessary to address Petitioner's remaining claims, particularly as they would not result in greater relief. *See, e.g.*, *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) ("Because this Court holds that § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226 — namely, an individualized bond hearing before an IJ.").

## V. Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition, (Doc. 1), be **GRANTED in part**. The undersigned recommends that the Court order Respondents to provide Petitioner an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

**The Court advises the parties of their right to object to this Report and Recommendation by November 12, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[7] The Court advises the parties that failure to make timely objection to this

[7] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may

Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 4th day of November, 2026.

Amanda L. Maxfield

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

---

be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").