**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KEVIN ARMANDO SAUMETH,<br><br>Petitioner,<br><br>v.<br><br>FRED FIGUEROA, *et al.*,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-2662-D |

**ORDER**

Petitioner Kevin Armando Saumeth filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of Venezuela who entered the United States on February 2, 2024. [Doc. No. 8, at p. 2]. Petitioner was admitted into the United States for two years on parole. *Id*. His parole expired on February 2, 2026. *Id*. Petitioner was re-detained by U.S. Immigration and Customs Enforcement ("ICE") on August 14, 2026. [Doc. No. 1, at p. 3]. His removal proceedings are ongoing. *Id*. He is currently detained at Diamondback Correctional Facility in Watonga, Oklahoma. *Id*. at p. 2.

Petitioner is detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(1). [Doc. No. 8]. Petitioner challenges his re-detention by ICE on various grounds, to include his claim that his re-detention without a custody redetermination violates his due process rights. [Doc. No. 1].

Respondents filed a response in opposition arguing that Petitioner is detained pursuant to the mandatory provision in 8 U.S.C. § 1225(b)(1) and is therefore not entitled

to a bond hearing. [Doc. No. 8]. Specifically, Respondents argue that when Petitioner's parole under § 1182(d)(5)(A) expired, his status reverted to an arriving alien applying for admission at the border who is subject to mandatory detention under § 1225(b)(1). *Id.*

The matter was referred to United States Magistrate Judge Amanda L. Maxfield for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 4]. Judge Maxfield issued a Report and Recommendation ("Report"), recommending that the Court grant in part the Petition and order Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a). [Doc. No. 9].

Respondents filed a timely Objection to the Report, arguing that Petitioner is not entitled to a bond hearing under 8 U.S.C. § 1226 because he is an arriving alien subject to mandatory detention under 8 U.S.C. § 1225(b)(1). [Doc. No. 10].

Accordingly, the Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Court agrees with Judge Maxfield's determination that Petitioner is detained pursuant to 8 U.S.C. § 1226, not § 1225(b)(1). Indeed, this Court and other courts in this district have "previously 'found that § 1225(b)(1) doesn't apply in circumstances where . . . the noncitizen has resided in the [United States] for several years before their parole under § 1182(d)(5) is revoked.'" *Sukuev v. Gantt*, No. CIV-26-532-SLP, 2026 WL 2323188, at *1 (W.D. Okla. Aug. 11, 2026) (collecting cases) (quoting *Drozdov v. Lyons*, No. CIV-26-265-SLP, 2026 WL 1470929, at *2 (W.D. Okla. May 26, 2026)); *see also Zhakhonov v. Grant*,

No. CIV-26-350-J, 2026 WL 1865418, at *2 (W.D. Okla. June 29, 2026) ("[T]his Court has previously recognized, parole under 8 U.S.C. § 1182(d)(5) does not, by itself, revert Petitioner's status back to that of an arriving alien.") (collecting cases); *Viloria v. Warden Diamondback Correctional Facility*, No. CIV-26-2635-D, 2026 WL 3269649 (W.D. Okla. Oct. 30. 2026) (same).

Petitioner's current detention is not part of the inspection process, nor does it arise from an attempted entry at a port of entry. *See* [Doc. No. 1]. Rather, before his current detention, Petitioner was released on parole into the United States pursuant to § 1182(d)(5)(A), so "it is illogical to suggest that his re-detention is governed by § 1225(b)(1), which . . . 'governs procedures for the inspections of aliens arriving in the United States who have not been admitted or paroled.'" *Rafibaev v. Noem*, No. 26-CV-00461-PAB, 2026 WL 607559, at *2 (D. Colo. Mar. 4, 2026) (quoting *M.S.P.C. v. U.S. Customs & Border Prot.*, 60 F. Supp. 3d 1156, 1161 (D.N.M. 2014), *motion for relief from judgment granted*, No. CIV 14-769 JCH/CG, 2015 WL 7454248 (D.N.M. Sept. 23, 2015)). Petitioner's circumstances are more naturally characterized as detention "pending a decision on whether the alien is to be removed from the United States" within the meaning of § 1226(a). *See Rafibaev*, 2026 WL 607559 at *2.

For these reasons, Petitioner's re-detention is governed by 8 U.S.C. 1226(a), and he is therefore entitled to a bond hearing. *Cf. Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) ("We hold that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond) . . ..").

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 9] is **ADOPTED**, and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part** as set forth herein.

**IT IS FURTHER ORDERED** that Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), within 7 days of the date of this Order, or release Petitioner. A separate judgment shall be entered.

**IT IS SO ORDERED** this 23rd day of November, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE